■ In the Matter of TRI-RAIL CONSTRUCTION, INC., Respondent, v ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, Appellant. [979 NYS2d 526]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered March 8, 2012, which, inter alia, granted the petition to set aside respondent's denial of petitioner's requests to vacate default judgments on the first and second notices of violation (NOVs), and granted hearings on the violations, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.

The record demonstrates that the subject NOVs were properly served on petitioner pursuant to Business Corporation Law § 306 (b), and petitioner defaulted on both NOV hearing dates. Petitioner failed to demonstrate that it fulfilled the requirements set forth in 48 RCNY 3-82 (c), inasmuch as it failed to request a new hearing within one year of the time it learned of the existence of the violations. Petitioner also failed to request a stay of entry of the default judgments for "good cause shown" within 30 days of respondent mailing the notices of default (NY City Charter § 1049-a [d] [1] [h] [iii]). Furthermore, contrary to petitioner's argument that it was an improper party, the letter allegedly constituting such evidence shows that the NOVs were issued prior to petitioner being terminated from the construction project. Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.